## LARRY BARRBENTON SIMMONS *v.* STATE OF MARYLAND

[No. 55, September Term, 1981.]

*Decided January 7, 1982.*

The cause was argued before Murphy, C. J., and Smith, Digges, Eldridge, Cole, Davidson and Rodowsky, JJ.

*Michael R. Braudes, Assistant Public Defender,* with whom was *Alan H. Murrell, Public Defender,* on the brief, for appellant.

*Philip M. Andrews, Assistant Attorney General,* with whom was *Stephen H. Sachs, Attorney General,* on the brief, for appellee.

Per Curiam. Eldridge, Cole and Davidson, JJ., dissent.

Per Curiam:

In this single criminal cause, petitioner Larry Barrbenton

Simmons was charged in the Circuit Court for Baltimore County with two counts of first degree murder. At the ensuing jury trial, Simmons did not dispute that sometime during the late evening or early morning of February 5-6, 1980, he forceably entered the home of his estranged wife and, with a knife, stabbed her as well as her male companion to death. With pleas of not guilty and not guilty by reason of insanity as to each count having been seasonably filed, it developed at trial that the sole contested issues involved (i) the petitioner's sanity, and, alternatively, (ii) his capacity to form the requisite intent to commit first degree murder so as to reduce culpability of guilt of less serious crimes.

With respect to the sanity issue, a defense psychiatrist was permitted at trial to opine that, because of a "depressive psychosis," Simmons lacked substantial capacity to conform his conduct to the requirements of law and was insane. See Code (1957, 1959 Repl. Vol.), Art. 59, § 25 (a). The psychiatrist was not allowed by the trial judge, however, to aid in establishing an alternative defense based on "diminished responsibility" by expressing an opinion as to whether petitioner, though sane, was mentally incapable of committing an offense requiring "wilful, deliberate and premeditated" conduct. When the jury returned verdicts of sane and guilty as to each first degree murder count, and Simmons received life imprisonment sentences, he appealed to the Court of Special Appeals where, in an unreported opinion, that court affirmed the judgment.

We granted certiorari to determine, in the petitioner's words, "the present status in Maryland of the so called 'diminished capacity' or 'diminished responsibility' theory in criminal cases." Since, however, we have this date fully expressed our views with respect to this issue in *Johnson v. State* (which we request be reported immediately prior hereto), no useful purpose will be served by repeating what was said there. Accordingly, for the reasons stated in (b) of part I of *Johnson v. State* we will affirm the judgment.

> *Judgment of the Court of Special Appeals affirmed.*

*Eldridge, Cole and Davidson, JJ., dissenting:*

Judges Eldridge, Cole and Davidson dissent for the reasons expressed in the dissenting opinion by Judge Eldridge in *Johnson v. State,* reported immediately prior to this case.